# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

KEITH WESLEY EDWARDS, et al.,   )
   )
        Petitioners,   )
   )
v.   )   Case No. CIV-26-00185-JD
   )
OKLAHOMA COUNTY   )
DETENTION CENTER,   )
   )
        Respondent.   )

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Suzanne Mitchell. [Doc. No. 4]. For the reasons outlined below, the Court accepts the Report and Recommendation.

Keith Wesley Edwards, a pretrial detainee at the Oklahoma County Detention Center (OCDC), brings this habeas corpus action under 25 U.S.C. § 1303. [Doc. No. 1]. He states he is also bringing this action as "next friend" and on behalf of three other OCDC detainees, Octavious T. Galloway, Steffan Littlewolf Sanchez, and Aljon Smith. [*Id.* at 1, 6–7]. The Court referred the matter to Judge Mitchell for initial proceedings under 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 3].

Judge Mitchell issued a Report and Recommendation ("R. & R.") recommending that the Court dismiss the Petition because (1) Edwards lacks a basis to proceed under 25 U.S.C. § 1303 because he has not alleged an Indian tribe has detained him, and (2) Edwards has not pled circumstances justifying his pursuit of this case on behalf of the other Petitioners as a "next friend." [Doc. No. 4 at 2–6]. The R. & R. also concluded that

1

the Petitioners other than Edwards have not signed and verified the Petition, thus the Court lacks jurisdiction to consider it. [*Id.* at 6–7]. Finally, since the R & R. concluded that Petitioner is not authorized to proceed as next friend to the other Petitioners, Judge Mitchell also noted that, because Edwards is not an attorney, he cannot represent the other Petitioners or file documents on their behalf. [*Id.* at 7].

Judge Mitchell advised the parties of their right to object to the Report and Recommendation by filing an objection with the Clerk of Court by March 3, 2026, and explained that failure to timely object to the Report and Recommendation waives appellate review of the recommended ruling. [*Id.* at 8]. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). Petitioners did not file an objection to the Report and Recommendation or request an extension of time to do so.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives the right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

With no objection being filed, and upon review of the record, the Court accepts,

2

adopts, and affirms the Report and Recommendation in its entirety and dismisses the petition for a writ of habeas corpus under 25 U.S.C. § 1303. Alternatively, although the Court is not required to review the record and law de novo because Petitioners have not timely objected, the Court has done so and determines that the R. & R. should be adopted in full.

The Court therefore ACCEPTS the Report and Recommendation [Doc. No. 4]. A separate judgment will follow.

IT IS SO ORDERED this 12th day of March 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

3